**Joice YULIANI; Panji B. Budiman,**
**Petitioners,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 05–70172.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

Albert C. Lum, Esquire, Law Offices of Albert C. Lum, Pasadena, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department Of Homeland Security, San Francisco, CA, Daniel Glenn Lonergan, Esquire, Oil, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Joice Yuliani and her husband, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that extraordinary circumstances excuse the untimely filing of Yuliani's asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Ramadan v. Gonzales,* 479 F.3d 646, 648, 657–58 (9th Cir.2007) (per curiam).

The IJ found that the harm Yuliani suffered when she was violently sexually assaulted by several Muslim men rose to the level of persecution. Because, contrary to the IJ's findings, the record compels the conclusion that Yuliani was persecuted on account of her Chinese ethnicity, *see Baballah v. Ashcroft,* 367 F.3d 1067, 1077 (9th Cir.2004), and the conclusion that the government was unwilling or unable to control the men who sexually assaulted her, *see Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1058 (9th Cir.2006), Yuliani has established that she suffered past persecution and is therefore entitled to a presumption of eligibility for withholding of removal, *see Baballah,* 367 F.3d at 1079. Accordingly, with respect to Yuliani's withholding of removal claim, we remand to the agency to determine whether the presumption has been rebutted. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Yuliani's CAT claim fails because she has not demonstrated that it is more likely than not that she will be tortured if she returns to Indonesia. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**